UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ernest Carter,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Jan Rysh, MN DOC Oak Park Heights Medical; Darin Haugland, MN DOC Oak Park Heights Medical; Dr. Craane, MN DOC Oak Park Heights Medical; K. Rueckek, MN DOC St. Cloud; and Timothy Hiesterman, MN DOC St. Cloud,<br><br>　　　　　　Defendants. | Case No. 17-cv-1061 (DWF/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on a motion to dismiss filed by the Minnesota Department of Corrections ("DOC") and Defendant Katie Rueckert[1] [Doc. No. 33]. For the reasons set forth below, the Court recommends that the motion be granted and that Carter's official-capacity § 1983 claim for monetary damages against Defendant Katie Rueckert be dismissed with prejudice.

**I.  Background and Procedural History**

　　**A.  Allegations in the Amended Complaint**

Plaintiff is suing several DOC employees and contractors pursuant to 42 U.S.C.

---

[1] Katie Rueckert is identified in the amended complaint as "K. Rueckek." According to the DOC, her name is Katie Rueckert, and the Court will refer to her by that name.

§ 1983 for allegedly violating his civil rights.[2] (Am. Compl. at 1–2, 6 [Doc. No. 7].)[3] He contends that Defendants were indifferent to his medical needs and did not provide adequate medical care and treatment following an injury sustained on or about June 21, 2016, while he was incarcerated at the Minnesota Correctional Facility ("MCF") in St. Cloud.[4]  (*Id.* at 2, 5–6.)  Carter also alleges that several medical staff members made him do physical therapy exercises on his own without assistance, and that a physician discontinued his pain medication.  (*Id.* at 5–6.)  Carter is suing all Defendants in their official capacities; he expressly denied any intention to assert personal capacity claims. (*Id.* at 2 ("Defendants: D.O.C. & officials listed[,] see Attachment/not personal suit[]"; *id.* at 5 ("I'm not suing for any personal matter[.]  I'm suing the prison [in] which I hurt myself.").)  As relief, Carter is seeking $5,000,000.  (*Id.* at 4.)

---

[2] Defendants Darin Haugland and Dr. Craane did not move to dismiss but filed an answer to the amended complaint [Doc. No. 26].  Defendants Jan Rysh and Timothy Hiesterman have not filed an answer or a motion to dismiss, likely because they have not been served with the summons and complaint or with a request for waiver of service.  The requests for waiver of service sent to these two Defendants were returned as undeliverable.  [Doc. Nos. 25, 32.]  It appears from the record that Dr. Hiesterman is a non-DOC physician who treated Carter at the St. Cloud Hospital immediately following Carter's injury.  (*See* Compl. Ex. 1 at 1, 3–4 [Doc. No. 1-1].)  Jan Rysh (who is referred to as Jan "Rygh" in Carter's treatment records) is a physical therapist who treated Carter at the prison.  (*Id.* at 6–8.)  Rysh's treatment notes are on the same page as Haugland's treatment note (*id.* at 6), which indicates that these two Defendants share a common employer.  The Court will address the service deficiencies in a separate order.

[3] The Court cites to the page numbers assigned by the CM/ECF system, located at the upper right corner of each page.

[4] Carter was later transferred to MCF-Oak Park Heights, but is now incarcerated at MCF-Moose Lake.  (Am. Compl. at 3, 5.)

2

Carter's allegations concerning Rueckert are sparse.  He alleges that Rueckert is a medical staff member who was present when Carter injured himself on June 21, 2016. (*Id.* at 6.)  Carter recalls lying on the floor for 45 minutes to an hour, in agony and screaming in pain, with a leg injury and an eye injury, and "nobody" adjusted him or kept him comfortable.  (*Id.*)

Carter alleges he did not file a prisoner grievance "[b]ecause no staff hurt[] my leg or injured me, they just violated my rights."  (*Id.* at 3.)  He further explains "this was an injury against the floor and staff didn't hurt my leg[;] it was a personal injury claim, plus I was in infirmary for 3 months."  (*Id.*)

### B.     The DOC and Rueckert's Motion to Dismiss

On January 2, 2018, the DOC and Rueckert filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  [Doc. No. 33.]  They argue that Carter's § 1983 claim against Rueckert is barred by Eleventh Amendment immunity, and that Rueckert, who is sued only in her official capacity, is not a "person" subject to suit under § 1983.  (Mem. Supp. Mot. Dismiss at 2, 5 [Doc. No. 35].)

In response to the motion, Carter submits that he actually did intend to sue Rueckert, as well as the other Defendants, in their personal capacities as well as their official capacities.  (Pl.'s Response at 5 [Doc. No. 45].)  He also asserts an intent to ask for equitable relief, specifically, injunctive relief for treatment of his injuries and pain.  (*Id.* at 2–3.)  Finally, Carter argues that his claim against Rueckert is allowed under the

3

Ninth Amendment.  (*Id.* at 1.)

## II. Discussion

### A. Sovereign Immunity

The DOC and Rueckert argue that Carter's existing § 1983 claim against Rueckert should be dismissed pursuant to the doctrine of sovereign immunity.  As it is currently pleaded, Carter's claim against Rueckert is an official-capacity claim for monetary damages.  When a state official is sued in her official capacity, the claim is treated as a claim against the state entity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating the suit is not "against the official personally, for the real party in interest is the entity).  Thus, the Court considers Carter's claim against Rueckert as a claim against the DOC.

The Eleventh Amendment provides "a state with immunity from suit in federal court by citizens of other states and by its own citizens."  *Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004). "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'"  *Hadley v. N. Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123 n.34 (1984)). The DOC is considered a state agency with Eleventh Amendment immunity.  *See Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 772 n.3 (8th Cir. 2016); *Carter v. CWF Sols., LLC*, No. 09-cv-16 (JMR/FLN), 2009 WL 512482, at *2 (D. Minn. Feb. 27, 2009).

4

In the operative complaint, Carter has requested only monetary damages for his official-capacity claim against Rueckert. Minnesota has not waived its Eleventh Amendment immunity from suit in federal court for § 1983 claims for damages, *see Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997), and Congress did not abrogate that immunity by enacting § 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979). A claim barred by Eleventh Amendment immunity may be dismissed with prejudice. *See Brown v. Ark. Dep't of Human Servs.*, 452 F. App'x 690, 692–93, 2011 WL 1564022, at *1 (8th Cir. 2011); *Sorenson v. Minn. Dep't of Human Servs.*, No. 15-cv-1573(ADM/LIB), 2016 WL 5348574, at *3 (D. Minn. Sept. 23, 2016); *Cooper v. Minn. Dep't of Human Servs.*, No. 15-cv-2682 (JRT/JSM), 2016 WL 4179867, at *2 (D. Minn. Aug. 8, 2016). Accordingly, the Court recommends that the official-capacity § 1983 claim for monetary damages against Rueckert be dismissed with prejudice.

### B.     Failure to State a Claim

The DOC and Rueckert move, in the alternative, for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). On such a motion, the Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

5

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

A court has the duty to construe liberally a pro se party's pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that even if a claim "is not pleaded with legal nicety," a court should construe the allegations so that the claim may "be considered within the proper legal framework."  *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  The court should not, however, "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  *Id.*  Nor should a court "assume the role of advocate."  *Sneh v. Bank of N.Y. Mellon*, No. 12-cv-954 (MJD/JSM), 2012 WL 5519690, at *5 (D. Minn. Oct. 30, 2012) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)), *R. & R. adopted*, 2012 WL 5519682 (D. Minn. Nov. 14, 2012).

The DOC and Rueckert do not attack the substance of the allegations against Rueckert.  (*See* Mem. Supp. Mot. Dismiss at 5.)  Rather, they contend—correctly—that a state defendant who is sued only in an official capacity is not a "person" subject to suit under § 1983.  (*See id.*)  In *Will v. Michigan Department of State Police*, the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  491 U.S. 68, 71 (1989).  Accordingly, Carter's official-capacity § 1983 claim for monetary damages against Rueckert also fails as a matter of law on this

6

alternative ground, and should be dismissed with prejudice.

### C.   Carter's Response to the Motion

With respect to Carter's argument that his claim against Rueckert is permitted by the Ninth Amendment,[5] he has identified no particular right guaranteed to him by the Ninth Amendment that Rueckert allegedly violated.  Moreover, though the Ninth Amendment protects some rights not covered by other amendments, it "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim."  *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted).  The Court concludes the Ninth Amendment does not save Carter's official-capacity § 1983 claim for monetary damages against Rueckert.

With respect to Carter's argument that he intended to sue Rueckert and the other named Defendants in their personal capacities as well as their official capacities, and that he intended to seek equitable as well as monetary relief, that does not affect the Court's conclusion that his official-capacity § 1983 claim for monetary damages against Rueckert should be dismissed.  However, the Court will construe Carter's argument as a request for leave to amend the complaint to sue Rueckert and the other current Defendants in their personal capacities as well as their official capacities, and to add a request for equitable relief.  The Court will grant Carter an opportunity to file a second amended complaint in

---

[5] The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.

7

a separate order.

Accordingly, **IT IS HEREBY RECOMMENDED** that the Minnesota Department of Corrections and Defendant Katie Rueckert's Motion to Dismiss [Doc. No. 33] be **GRANTED**, and that the official-capacity § 1983 claim for monetary damages against Defendant Katie Rueckert be **DISMISSED WITH PREJUDICE**.

Dated: July 13, 2018                         *s/ Hildy Bowbeer*
                                             HILDY BOWBEER
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).